UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WILLIAMS, | No. 2:17-cv-0940 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff argues that the ALJ's treatment of the medical opinion evidence constituted error. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In August of 2013, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on March 29,

---
[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

2012. (Transcript ("Tr.") at 10, 145-50.) Plaintiff's alleged impairments included "disorders of back," and "anxiety disorders." (Id. at 78.) Plaintiff's application was denied initially, (id. at 81-86), and upon reconsideration. (Id. at 90-94.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on August 24, 2015. (Id. at 29-48.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 29-31.) In a decision issued on September 22, 2015, the ALJ found that plaintiff was not disabled. (Id. at 23.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since August 14, 2013, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: spine disorder, asthma, affective disorder, and anxiety disorder (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant is able to frequently climb, balance, stoop, kneel, crouch, and crawl. She is never able to interact with the public and can do simple and routine tasks.
>
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on March 17, 1962 and was 51 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant's past relevant work is unskilled (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

////

> 10. The claimant has not been under a disability, as defined in the Social Security Act, since August 14, 2013, the date the application was filed (20 CFR 416.920(g)).

(Id. at 12-23.)

On March 17, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's September 22, 2015 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 4, 2017. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 14) at 6-22.[2]) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or non-examining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the October 29, 2014 opinion of plaintiff's treating psychiatrist, Dr. Yvette Milazzo.[3] (Pl.'s MSJ (ECF No. 14) at 14-22.) The ALJ's decision recounted Dr. Milazzo's opinion, stating:

> Yvette Milazzo, M.D., treatment provider, found that the claimant had moderate impairments in the ability to understand, carry out, and remember short and simple instructions, the ability to interact appropriately with the general public, the ability to ask simple questions or request assistance, and the ability to respond appropriately to changes in the work setting. Dr. Milazzo further found that the claimant had marked impairments in the ability to remember locations and work-like procedures, the ability to maintain concentration and attention for extended periods, and the ability to make simple work-related decisions. She further found that the claimant had marked limitations in the ability to accept instructions and criticism from supervisors, the ability to get along with coworkers, and the ability to set realistic goals or make plans independently. Additionally, Dr. Milazzo opined that the claimant was extremely impaired in her ability to remember, understand, and carry out detailed instructions, perform within a schedule, sustain an ordinary routine without special supervision, work in coordination with others, complete a normal workday or workweek, and the ability to travel to unfamiliar places.

(Tr. at 20) (citation omitted).

In a vague and conclusory manner, the ALJ explained that Dr. Milazzo's opinion was afforded only "partial weight" because it was "inconsistent with the treatment notes and the conservative treatment to date." (Id.) The ALJ then went on to explain why the opinion was also "somewhat consistent with the residual functional capacity" found by the ALJ, "somewhat consistent with the overall record," and therefore "granted partial weight." (Id.) The ALJ, however, did not explain how Dr. Milazzo's opinion was inconsistent with treatment notes or why the ALJ found plaintiff's treatment to have been conservative.

////

---

[3] "We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5).

5

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

Moreover, it is not at all apparent that Dr. Milazzo's opinion was "inconsistent with the treatment notes" or that plaintiff had received conservative treatment. (Tr. at 20.) For example, on June 19, 2014, Dr. Milazzo noted that plaintiff presented with "emotional numbing and poor sleep." (Id. at 487.) Dr. Milazzo increased plaintiff's Wellbutrin, "change[d] Abilify dosing," and started plaintiff on Trazodone. (Id.)

On August 7, 2014, Dr. Milazzo noted that plaintiff's "[s]leep was improved" as plaintiff was "now sleeping 5hrs at a time." (Id. at 484.) Plaintiff was "[s]till very anxious," with "daily unprovoked panic attacks." (Id.) Moreover, "Wellbutrin did not improve [plaintiff's] loss of interest, still feels emotionally numb." (Id.) Plaintiff's appetite remained poor, she was fatigued, with no ability to concentrate, and had thoughts of hopelessness. (Id.) Dr. Milazzo decreased plaintiff's Wellbutrin, changed the Abilify dosing, continued Trazadone, and started plaintiff on Prozac. (Id. at 485.)

On September 18, 2014, Dr. Milazzo found that, although plaintiff had "increased ability to stand up for herself," and a "slight decrease in intensity of panic attacks," and nightmares, plaintiff had "an increase in irritability." (Id. at 482.) Plaintiff also continued to have low energy, low motivation, loss of interest, and a slight increase in fatigue. (Id.) Plaintiff's appetite, concentration, and memory continued to be poor. (Id.) Dr. Milazzo increased plaintiff's Prozac and Wellbutrin, decreased plaintiff's Trazadone, and continued the prescription of Abilify. (Id. at 483.)

It is important to remember that "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry." Buck v. Berryhill, 869 F.3d 1040, 1049 (9th Cir. 2017); see also Poulin v. Bowen, 817 F.2d 865, 873 (D.C. Cir. 1987) ("unlike a broken arm, a mind cannot be x-rayed").

However, it is not apparent from the record that Dr. Milazzo's treatment notes were inconsistent with Dr. Milazzo's treating opinion. It is also not apparent that mental health treatment that includes psychotropic medications and treatment from a psychiatrist is conservative. Regardless, the ALJ's decision fails to support or explain these findings.

Defendant's cross-motion for summary judgment attempts to remedy the ALJ's vague and conclusory finding by offering specific argument and evidence in support of the ALJ's conclusion. (Def.'s MSJ (ECF No. 17) at 7-9.) The reasoning given by the defendant, however, was not asserted by the ALJ in addressing Dr. Milazzo's opinion.

The court may not speculate as to the ALJ's findings or the basis of the ALJ's unexplained conclusions. See Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained to review the reasons the ALJ asserts."); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

For the reasons stated above, the court finds that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinion of Dr. Milazzo. Accordingly, plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232

(9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this matter should be remanded for further proceedings and the court agrees. (Pl.'s MSJ (ECF No. 14) at 22.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 17) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: August 31, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\williams0940.ord

8

9